

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00213-CV
_____

CORA SUE SANCHEZ, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE
OF ANTHONY TONY SANCHEZ, DECEASED, JENNIFER PASOWICZ
AND JULIE MARIE SANCHEZ, APPELLANTS

V.

ROBERT'S TRUCK CENTER OF TEXAS, LLC AND ROBERT'S TRUCK CENTER
HOLDING COMPANY, LLC, APPELLEES

_____

On Appeal from the County Court at Law
Ector County, Texas
Trial Court No. 21791-14-A, Honorable Jim Bobo, Presiding

_____

October 9, 2018

## CONCURRING OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

I fully concur in the opinion of the majority but write to clarify my belief that the expert was referring to a duty imposed by contract, i.e., the lease. As our Supreme Court has said, "'if the defendant's conduct . . . would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff's claim may also sound in tort. Conversely, if the defendant's conduct . . . would give rise to liability only because it breaches the parties' agreement, the plaintiff's claim ordinarily sounds only in contract.'"

*DeWitt Cty. Elec. Coop., Inc. v. Parks*, 1 S.W.3d 96, 105 (Tex. 1999) (quoting *Sw. Bell Tel. Co. v. Delanney*, 809 S.W.2d 493, 494 (Tex. 1991)). I do not understand the expert to be referring to any duty imposed outside the contract. In other words, I do not understand him to be suggesting that, ***irrespective of the lease***, a reasonable person under the same circumstances would have taken the action he accused Roberts of failing to take. My position may best be explained by the narrative in *University of Texas Medical Branch v. Harrison*, No.14-02-01276-CV, 2003 Tex. App. LEXIS 6768, at *7–8 (Tex. App.—Houston [14th Dist.] Aug. 7, 2003, pet. denied) (mem. op.):

> a person who enters a neighbor's property and cuts down trees with no contractual right to do so can be held liable in tort. . . . But if a contract spells out the parties' respective rights about whether trees may be cut, then the contract, and not common law negligence, governs any dispute about whether or how trees may have been cut, i.e., even if any failure to comply with the contract resulted from negligence. . . . Therefore, the character of a claim, as between tort and contract, is determined by the source of the duty breached, not whether the breach results from negligence (versus some other cause such as inability to perform or intentional conduct).

In my view, the source of the duty under the expert's analysis is limited to contract. Given that source, the expert's opinion is no evidence of a breached duty sounding in negligence.


Brian Quinn
Chief Justice

2